IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-106-D
No. 7:12-CV-300-D

| | | |
|---|---|---|
| EZAU YANEZ-HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On October 15, 2012, Yanez-Hernandez filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 53]. On April 1, 2013, the government moved to dismiss the motion [D.E. 59]. As explained below, the court grants the government's motion to dismiss.

On September 24, 2008, Ezau Yanez-Hernandez was indicted [D.E. 1]. Count one charged him with possession with intent to distribute a quantity of cocaine on December 17, 2007, in violation of 21 U.S.C. § 841(a)(1). Count two charged him with possession of a firearm during the commission of a drug trafficking offense on December 17, 2007, in violation of 18 U.S.C. § 924(c). On January 12, 2009, without a plea agreement, Yanez-Hernandez pleaded guilty to counts one and two [D.E. 22]. On July 21, 2009, the court sentenced him to 96 months' imprisonment on count one and to 60 months' imprisonment on count two, to be served consecutively [D.E. 40]. On July 30, 2009, Yanez-Hernandez filed notice of appeal [D.E. 41]. On March 15, 2011, the Fourth Circuit Court of Appeals affirmed the conviction and sentence. See United States v. Yanez-Hernandez, 416 F. App'x 322 (4th Cir. 2011) (per curiam) (unpublished). On October 3, 2011, the United States

Supreme Court denied certiorari, see Yanez-Hernandez v. United States, 132 S. Ct. 200 (2011), and Yanez-Hernandez's conviction became final on that date. See Clay v. United States, 537 U.S. 522, 527 (2003); United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009); Washington v. United States, 243 F.3d 1299, 1300–01 (11th Cir. 2001) (per curiam) (collecting cases).

Yanez-Hernandez's section 2255 motion is untimely under 28 U.S.C. § 2255(f)(1) (noting one-year statute of limitations which runs from "the date on which the judgment of conviction becomes final"). Likewise, the motion is untimely under 28 U.S.C. § 2255(f)(3). See United States v. Powell, 691 F.3d 554, 556–60 (4th Cir. 2012). Furthermore, the motion is untimely under 28 U.S.C. § 2255(f)(4). See United States v. MacDonald, 641 F.3d 596, 610 n.7 (4th Cir. 2011); Lo v. Endicott, 506 F.3d 572, 575–76 (7th Cir. 2007); E.J.R.E. v. United States, 453 F.3d 1094, 1097–98 (8th Cir. 2006); see also Walker v. Martin, 131 S. Ct. 1120, 1129 (2011); Johnson v. United States, 544 U.S. 295, 308–09 (2005); Shannon v. Newland, 410 F.3d 1083, 1087–89 (9th Cir. 2005). Moreover, nothing in the record suggests that equitable tolling should apply. Cf. Holland v. Florida, 130 S. Ct. 2549, 2562–64 (2010); Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990); Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002). Accordingly, the court dismisses Yanez-Hernandez's untimely section 2255 motion.

Alternatively, even if the motion were timely, the arguments fail. Yanez-Hernandez has asserted these claims concerning his sentence in his direct appeal to the Fourth Circuit, without success. See Yanez-Hernandez, 416 F. App'x at 323–24. Specifically, the issues raised on his direct appeal are materially indistinguishable from the claims in his section 2255 motion. Moreover, section 2255 does not provide a secondary mechanism to file successive and repetitious claims on matters raised in a direct appeal by appending the phrase "ineffective assistance of counsel." See

2

Withrow v. Williams, 507 U.S. 680, 720–21 (1993) (Scalia, J., concurring) (collecting cases); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Accordingly, the motion fails.

Alternatively, to the extent that Yanez-Hernandez failed to bring some of the claimed errors to the attention of the trial court or the Fourth Circuit on direct appeal, he has procedurally defaulted. See, e.g., Bousley v. United States, 523 U.S. 614, 621 (1998); Blackledge v. Allison, 431 U.S. 63, 73–74 (1977); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); see also Scantlebury v. United States, Nos. 5:09-CR-254-D, 5:10-CV-590-D, 2012 WL 5364004, at *4 (E.D.N.C. Oct. 30, 2012) (unpublished). Moreover, Yanez-Hernandez has not plausibly alleged "cause" and "prejudice." See Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley, 523 U.S. at 622; Mikalajunas, 186 F.3d at 493. Furthermore, Yanez-Hernandez essentially bases the ineffective assistance of counsel claim on his sentence length. Yanez-Hernandez, however, has not plausibly alleged how his attorney failed to meet the objective standard of reasonableness of representation. See, e.g., Strickland v. Washington, 466 U.S. 668, 687–88 (1984). He also has not plausibly alleged prejudice. Id. at 693; see Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009); United States v. Foster, 68 F.3d 86, 87–88 (4th Cir. 1995); United States v. Lambey, 974 F.2d 1389, 1391–96 (4th Cir. 1992) (en banc).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Yanez-Hernandez's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Thus, the court denies a certificate of appealability.

In sum, the court GRANTS the government's motion to dismiss [D.E. 59] and DISMISSES Yanez-Hernandez's motion to vacate, set aside, or correct his sentence [D.E. 53]. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 11 day of June 2013.

*James Dever*
JAMES C. DEVER III
Chief United States District Judge