IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-106-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| EZAU YANEZ-HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

On January 12, 2009, Ezau Yanez-Hernandez ("Yanez-Hernandez") pleaded guilty to possession with intent to distribute a quantity of cocaine (count one), and possession of a firearm during the commission of a drug trafficking offense (count two). See [D.E. 22]. On July 21, 2009, the court held Yanez-Hernandez's sentencing hearing. See Sentencing Tr. [D.E. 48]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and ruled on objections to the PSR. See Sentencing Tr. [D.E. 48] 5–59; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Yanez-Hernandez's total offense level to be 29, his criminal history category to be I, and his advisory guideline range to be 87 to 108 months' imprisonment on count one, and 60 months' imprisonment on count two to run consecutive to the sentence on count one. See Sentencing Tr. 67–68. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Yanez-Hernandez to 96 months' imprisonment on count one, and 60 months' imprisonment on count two, to be served consecutively. See id. 68–74.

Yanez-Hernandez appealed. On March 15, 2011, the United States Court of Appeals for the Fourth Circuit affirmed. See United States v. Yanez-Hernandez, 416 F. App'x 322, 324 (4th Cir. 2011) (per curiam) (unpublished).

On June 8, 2015, Yanez-Hernandez moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 70]. Yanez-Hernandez's new advisory guideline range for count one is 70 to 87 months' imprisonment, based on a total offense level of 27 and a criminal history category of I. See Resentencing Report. Yanez-Hernandez requests a sentence "at the low-end of the revised guideline imprisonment range." See [D.E. 70].

The court has discretion to reduce Yanez-Hernandez's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, No. 16-6867, 2016 WL 6958628, at *1 (4th Cir. Nov. 29, 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Yanez-Hernandez's sentence, the court finds that Yanez-Hernandez engaged in serious criminal behavior involving a large amount of cocaine and possessed a firearm in furtherance of his cocaine dealing. See Sentencing Tr. [D.E. 48] 11–59, 68–73; PSR ¶¶ 3–6. Nonetheless, while incarcerated on his federal sentence, Yanez-Hernandez has taken some positive steps. See Resentencing Report 1–2; cf. Pepper v. United States, 562 U.S. 476, 490 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Yanez-Hernandez received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Yanez-Hernandez's sentence would threaten public safety in light of his serious criminal conduct. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court

denies Yanez-Hernandez's motion for reduction of sentence. See, e.g., Patterson, 2016 WL 6958628, at *1–2; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Yanez-Hernandez's motion for reduction of sentence [D.E. 70]. SO ORDERED. This 9 day of May 2017.

JAMES C. DEVER III
Chief United States District Judge